USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04/15/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
GETTY PETROLEUM MARKETING, INC.,     :
:
                Plaintiff,         :      11 Civ. 2471 (TPG)
:
    - against -                  :      **OPINION**
:
:
ATLANTIS PETROLEUM, LLC,             :
:
                Defendant.         :
:
------------------------------------------------x

    Plaintiff Getty Petroleum Marketing, Inc. ("Getty") commenced this action in the early morning of April 12, 2011. Less than an hour later, defendant Atlantis Petroleum, LLC ("Atlantis") filed an action in the Eastern District of Pennsylvania. It appears that the two actions involve basically the same issues. During the afternoon of April 12, an order to show cause was signed in the Southern District action providing for a hearing on a preliminary injunction motion to be held April 19. The order to show cause also contained a temporary restraining order requiring that defendant Atlantis maintain the status quo as to its business with gas stations pending the preliminary injunction hearing.

    On April 14, Atlantis filed a motion to transfer the Southern District case to the Eastern District of Pennsylvania. Today, Getty filed

its opposition to that motion. It is this motion that is presently before this court.

Atlantis argues that in some way the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801 et seq., requires or favors the transfer of the Southern District action to the Eastern District of Pennsylvania. The court will not attempt to set forth the somewhat involved contentions of Atlantis in this regard. But these contentions are without merit. It is true that there is a venue provision in the PMPA, contained in 15 U.S.C. § 2805(a). But all it provides is that a franchisee may maintain a civil action against a franchisor to enforce certain rights granted by the PMPA, and that such action "may be brought" in the district where the principal place of business of the franchisor is located or the district in which the franchisee is doing business. This provision says nothing about an action brought by a franchisor against a franchisee. The present action is in the latter category since Getty appears to be a franchisor, and Atlantis a franchisee. The conclusion is that there is nothing in the PMPA which prevents Getty from suing in the Southern District of New York, and there is nothing which mandates that Getty is to sue in the Eastern District of Pennsylvania.

Indeed, venue in this case is governed by a forum selection clause contained in the relevant sublease between Getty and Atlantis, section 35.10 of which provides:

> Jurisdiction. The parties hereto irrevocably submit to the exclusive jurisdiction of the United

2

> States District Court for the Southern District of New York for all purposes under this Agreement, except for those matters over which said court does not have subject matter jurisdiction, in which case the parties irrevocably submit to the exclusive jurisdiction of any State court located in the County of New York.

This forum selection clause clearly means that venue of the action brought by Getty against Atlantis properly lies in the Southern District of New York.

Atlantis requests that, even though venue may be proper in the Southern District, the case should be transferred to Pennsylvania pursuant to 28 U.S.C. § 1404(a). That application is denied. In connection with issues about convenience of forum, a forum selection clause is entitled to weight, as is plaintiff Getty's selection of the forum. Nothing has been shown regarding the convenience of parties or witnesses to outweigh the factors just mentioned, particularly since, as a place for trial, New York City and Philadelphia are so close to each other.

The motion of defendant Atlantis to transfer the action from the Southern District of New York to the Eastern District of Pennsylvania is denied in all respects.

SO ORDERED.

Dated: New York, New York
April 15, 2011

Thomas P. Griesa
U.S.D.J.